UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JERRY MALLOY, ET AL,

    Plaintiffs,

v.

PNC BANK, ET AL,

    Defendants.
    _____/

Case No. 11-12922

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND [14] AND CANCELLING HEARING SCHEDULED FOR OCTOBER 19, 2011**

    This matter comes before the Court on Plaintiffs' motion to remand, arguing that this Court lacks subject matter jurisdiction because the only federal claim in Plaintiffs' original complaint is omitted from its amended complaint. Plaintiffs further assert that remand is proper because Defendant Trott & Trott, P.C. is a Michigan citizen and thus diversity jurisdiction cannot be established. *See* 28 U.S.C. § 1447(c)[1], 28 U.S.C. § 1367(c). Defendants PNC Bank and U.S. Bank National Association oppose Plaintiffs' motion. They argue that federal question jurisdiction existed at the time of removal and, despite the omission of the sole federal claim from Plaintiffs' amended complaint, diversity jurisdiction now exists because Defendant Trott & Trott, P.C. is fraudulently joined.

---

[1]Section 1447(c) provides, in pertinent part, that:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded.

28 U.S.C. § 1447(c) (emphasis added).

The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that this motion will be resolved as submitted, and the hearing previously scheduled for October 19, 2011 is hereby CANCELLED.

The issue presented here is whether Defendants can defeat a motion to remand when, after removal on grounds of subject matter jurisdiction, Plaintiffs have amended their complaint and eliminated the sole federal claim and the only claim that arguably stated a cause of action against the only non-diverse Defendant. The answer is yes. Plaintiffs' motion to remand is DENIED. Because Defendant Trott & Trott, P.C. was fraudulently joined in Plaintiffs' amended complaint, diversity jurisdiction exists.

**I.    Analysis**

It is Defendants' burden, as the removing party, "to present sufficient evidence" that Plaintiffs "could not have established a cause of action" against Trott & Trott, P.C., the non-diverse Defendant "under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Defendants have met their burden here. This case involves a mortgage-related dispute arising from a foreclosure by advertisement of Plaintiffs' real property. Defendants present evidence establishing that Trott & Trott is a professional corporation of attorneys that acted as counsel at the direction of its client, BAC Home Loan Servicing, L.P. ("BAC"), the servicing agent on the challenged mortgage/note. Trott & Trott did not lend Plaintiffs money, it is not the servicer of Plaintiffs' loan, and it did not make the decisions that led to the commencement of the foreclosure that Plaintiffs challenge in this lawsuit. It did not take any independent actions on which the propriety of the foreclosure will be determined for

2

purposes of adjudicating Plaintiffs' claims. There are no allegations in Plaintiffs' amended complaint that Trott & Trott acted in any capacity other than as an agent for BAC.

Because Plaintiffs' state-law causes of action, if any, are against the principal, not the agent, joinder of Trott & Trott is fraudulent and properly disregarded when determining whether diversity jurisdiction exists. *See Yuille v. Trott & Trott, P.C.*, No. 11-10584, at 2-3 (E.D. Mich. March 30, 2011) (Friedman, J.) (citing *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 402-403 (2006), and observing, in a similar case with similar relevant facts, that "Trott's citizenship is properly disregarded for purposes of determining whether the parties citizenships are diverse because Trott was fraudulently joined."). *See also Edwards v. Std. Fed. Bank, N.A.*, No. 08-12146, 2009 WL 92157, at **3-4 (E.D. Mich. Jan. 14, 2009) (Cook, J.) (observing that, under Michigan law, there is no cognizable cause of action against an adversary's counsel).

## II. Conclusion

For the above-stated reasons, Plaintiffs' motion to remand is DENIED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: September 27, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2011, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager